LYONS, Justice
(concurring specially).
I concur fully in the main opinion. I write specially concerning the construction of § 19-3B-203, Ala.Code 1975, which provides:
“(a) Except as provided in subsection (b), the circuit court has exclusive jurisdiction of proceedings in this state brought by a trustee or beneficiary concerning the administration of a trust.
“(b) A probate court granted statutory equitable jurisdiction has concurrent jurisdiction with the circuit court in any proceeding involving a testamentary or inter vivos trust.”
Subsection (a) refers to the exclusive jurisdiction of the circuit courts over proceedings “brought by a trustee or beneficiary concerning the administration of a trust,” subject to an exception found in subsection (b). Subsection (b) defines the scope of the exception for “[a] probate court granted statutory equitable jurisdiction” and then permits the exercise of jurisdiction by such probate courts, concurrent with the circuit court, “in any proceeding involving a testamentary or inter vivos trust.” (Emphasis added.) Obviously, the scope of the exclusive jurisdiction of the circuit court provided for in subsection (a) is narrower than the grant of concurrent jurisdiction in subsection (b) for probate courts granted statutory equitable jurisdiction.
Prior to enactment of § 19-3B-203(a), a circuit court, as a court of general jurisdiction, had jurisdiction in any proceeding involving a testamentary or inter vivos trust. Subsection (a) makes no change in such jurisdiction other than to make it exclusive in proceedings brought by a trustee or beneficiary concerning the administration of a trust.
The net effect of the unambiguous language of § 19-3B-203 is to confine proceedings brought by a trustee or beneficiary concerning the administration of a trust to the circuit court except as to those probate courts exercising statutory equita *887 ble jurisdiction and, as to such courts, they now enjoy concurrent jurisdiction with .a circuit court over, not only proceedings brought by a trustee or beneficiary concerning the administration of a trust, but also any other proceeding involving a testamentary or inter vivos trust.
BOLIN, J., concurs.